IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATSY L., § | | |
| PLAINTIFF, § | | |
| V. § | | CASE NO. 3:21-CV-882-C-BK |
| § | | |
| COMMISSIONER, SOCIAL § | | |
| SECURITY ADMINISTRATION., § | | |
| DEFENDANT. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff seeks judicial review of the Commissioner's final decision denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). She seeks benefits retroactive to her alleged onset date of April 24, 2018. Doc. 19-1 at 209. Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, this case has been referred to the undersigned magistrate judge for pretrial management. Doc. 5. The Court now considers Plaintiff's summary judgment motion, Doc. 22, and Defendant's cross-motion for summary judgment, Doc. 23. Upon review, Plaintiff's motion should be **GRANTED**, Defendant's cross-motion should be **DENIED,** the Commissioner's decision should be **REVERSED,** and this case should be **REMANDED** to the agency for further proceedings consistent with the findings herein.

**I. BACKGROUND**

Plaintiff was 61 years old when she filed her applications for DIB and SSI. Doc. 19-1 at 33; Doc. 19-1 at 208-19, 235. Plaintiff has a high school education and has not engaged in substantial gainful activity since April 24, 2018. Doc. 19-1 at 45, 76. In her applications, Plaintiff alleged disability due to back problems resulting from a slip-and-fall accident at work, a

limited range of motion, "RA,"[1] diabetes, thyroid problems, high cholesterol, high blood pressure, neuropathy in her legs and feet (including muscle spasms and cramps), shoulder problems from a rotator-cuff injury, and chronic pain and fatigue.  Doc. 19-1 at 209-29, 235.  Her applications were denied initially and upon reconsideration.  Doc. 19-1 at 44-46, 67-69.

The ALJ conducted two hearings, the first on December 17, 2019.  Doc. 19-1 at 13.  At that hearing, the ALJ stated he would issue a decision awarding Plaintiff benefits from her onset date.  Doc. 19-1 at 16.  Following the hearing, Plaintiff submitted new medical evidence.  Doc. 19-1 at 1529-83.  The ALJ thus held a second hearing on May 6, 2020, at which Plaintiff was represented by an attorney and both Plaintiff and a vocational expert ("VE") testified.  Doc. 19-1 at 18-32.

**A.  May 6, 2020, Hearing**

At the hearing, the ALJ stated, "it's pretty clear if we go to step five, [Plaintiff is] disabled."  Doc. 19-1 at 21.  The VE testified that Plaintiff had past relevant work as an auto-parts assembler and as a fast-food manager.  Doc. 19-1 at 22.  Plaintiff's attorney posed a hypothetical question to the VE:

> If we assume a hypothetical individual of [Plaintiff's] age; education, which is I believe [a] twelfth-grade education; and work that was just described with the following limits: this hypothetical individual can only stand for 15 to 20 minutes at one time before needed [sic] to sit; can stand for a total of two out of eight.  Sitting would be limited to six out of eight.  This hypothetical individual will need to take unscheduled breaks every hour for 15 minutes.  Lifting and carrying would be limited to less than 10 pounds occasionally only.  This hypothetical individual would need to avoid exposure—concentrated exposure to extreme cold as well as extreme heat; is precluded from stooping, crouching, climbing stairs and ladders, and will be absent more than two times per month.  Based on those limitations, can that hypothetical individual perform the work previously described?

---

[1] "RA" presumably refers to rheumatoid arthritis, "an autoimmune and inflammatory disease." *Rheumatoid Arthritis*, CTRS. FOR DISEASE CONTROL & PREVENTION (July 27, 2020), https://www.cdc.gov/arthritis/basics/rheumatoid-arthritis.html#:~:text=Rheumatoid %20arthritis%2C%20or%20RA%2C%20is,usually%20many%20joints%20at%20once.

Doc. 19-1 at 22. The VE answered that such an individual could not perform the jobs of auto-parts assembler or fast-food manager, and that there would be no other full-time work that the hypothetical individual could perform in the national economy. Doc. 19-1 at 22-23.

### B. ALJ's June 1, 2020, Decision

The ALJ found Plaintiff suffers from the severe impairments of joint dysfunction and disorders of the spine, neither of which met or equaled a Listing. Doc. 19-1 at 76-77. The ALJ determined Plaintiff's "medically determinable impairments significantly limit the ability to perform basic work activities." Doc. 19-1 at 77. Despite this finding, the ALJ found Plaintiff has the residual functional capacity ("RFC") "to perform light work . . . except [Plaintiff] can stand/walk for six hours per day and can sit for six hours per day, with lifting occasionally twenty pounds and frequently ten pounds." Doc. 19-1 at 78. The ALJ then determined Plaintiff's impairments "have not precluded *all* work activity." Doc. 19-1 at 79 (emphasis added). The ALJ indicated that the medical opinions of Plaintiff's treating chiropractor/nurse practitioner were considered, which "described the physical inability to even work an eight-hour day, with the need to take unscheduled breaks." Doc. 19-1 at 79. But the ALJ decided "[t]hese assessments of [Plaintiff's] physical conditions are way out of proportion from what should be expected from the medical record." Doc. 19-1 at 79. Based on his RFC determination, the ALJ found Plaintiff "capable of performing past relevant work as a manager." Doc. 19-1 at 80.

## II. APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a sequential five-step inquiry to determine whether a

3

claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and RFC must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b)-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or not disabled. *Id.* If the Commissioner does not make a determination, the burden shifts to her at step five to show there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Judicial review of a denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. The reviewing court does not reweigh the evidence or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

In considering the parties' summary judgment arguments, the Court has relied upon their citations to the supporting evidence of record. The Court is under no obligation to probe the record to find supporting evidence for one side or the other. *See* FED. R. CIV. P. 56 (providing parties moving for summary judgment must support their positions by "citing to particular parts of materials in the record"); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (clarifying the courts are not required "to sift through the record in search of evidence to support a party's opposition to summary judgment") (internal quotation omitted)).

### III. ANALYSIS

As noted *supra*, the ALJ determined Plaintiff could return to her past relevant work as a manager. Doc. 19-1 at 80. Plaintiff challenges this, arguing the ALJ violated the mandates in Social Security Ruling ("SSR") 82-62 by failing to develop the record regarding her ability to meet the demands of her past relevant work either as she performed it or as it is customarily performed in the economy. Doc. 22 at 6-10; *see Social Security Ruling: Program Policy Statement Titles II and XVI: A Disability Claimant's Capacity to do Past Relevant Work, in General*, SSR 82-62, 1982 WL 31386, at *4 (S.S.A. Nov. 30, 1981).

Defendant argues the ALJ properly found Plaintiff not disabled at step four of the sequential analysis because a step four determination "may rest on descriptions of past work as actually performed per the disability reports or as generally performed in the national economy, and ALJs may take notice of job data in the [Dictionary of Occupational Titles ("DOT")]." Doc. 23 at 14.

It is Plaintiff's burden at step four to establish she cannot perform her past relevant work. *See Leggett*, 67 F.3d at 564. Nevertheless, when the ALJ concludes a claimant is capable of returning to her past relevant work, the ALJ's decision must contain findings of fact as to: (1) the

5

claimant's RFC; (2) the physical and mental demands of the past relevant work; and (3) whether the individual's RFC would permit a return to her past relevant work. SSR 82-62 at *4; *see also Flynn v. Saul*, No. 4:19-CV-03523, 2020 WL 4818863, at *6 (S.D. Tex. Aug. 19, 2020) (quoting *Fennell v. Comm'r of Soc. Sec.*, No. 3:16-CV-261-DAS, 2017 WL 4393098, at *4 (N.D. Miss. Oct. 3, 2017)) (holding this "three step process [ ] applies under SSR 82-62 in determining a claimant's capacity to perform past relevant work").

As with all decisions, the ALJ must articulate the rationale underlying his step four determination to facilitate meaningful review. *Fennel*, 2017 WL 4393098, at *3 (citing *Hurst v. Secretary of Health & Human* Services, 753 F.2d 517, 519 (6th Cir. 1985)). Specifically, the reviewing court must be able to determine how specific evidence led to the ALJ's conclusion that the claimant has the capacity to perform her past relevant work. SSR 82-62 at *4. These protections are in place because the step four decision is "important and, in some instances, . . . [the] controlling issue," thus, "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." *Id.* at *3.

Here, in determining Plaintiff's RFC, the ALJ found she could "perform light work," with certain exertional limitations. Doc. 19-1 at 78-80. Beyond this, however, the ALJ's step four finding is cursory at best:

> The claimant is capable of performing past relevant work as a manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity [ ].
>
> The vocational expert testified the claimant has past work as an assembler (DOT 806-684-010), medium, SVP 2; and as a manager (DOT 183-70-010)[,] light, SVP 5. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually and generally performed.

Doc. 19-1 at 80.

Denial of benefits at step four can be based on two possible findings: (1) that the claimant can perform past relevant work as she actually performed it (an "as actually" determination), and (2) that a claimant can perform past relevant work as it is generally performed in the national economy (an "as generally" determination). *Social Security Ruling: Program Policy Statement Titles II and XVI: Past Relevant Work-The Particular Job or the Occupation as Generally Performed*, SSR 82-61, 1982 WL 31387, at *1-2 (S.S.A. Nov. 30, 1981); *Cooley v. Soc. Sec. Admin.*, Civ. Act. No. 21-840, 2022 WL 1043693, at *3 (E.D. La. Feb. 4, 2022) (citations omitted). In this case, the ALJ indicates he considered both. Doc. 19-1 at 80 ("the claimant is able to perform [her past relevant work] as actually and generally performed").

## A. "As Actually" Determination

As to the ALJ's "as actually" determination, it is unclear on what evidence of record the ALJ could have based his decision. The record is devoid of a Work History Report or testimony from either Plaintiff or the VE as to how she actually performed her past relevant work. *Borrego v. Astrue*, 825 F. Supp. 2d 779, 790 (W.D. Tex. 2011) ("To assess the exertional and non-exertional demands of a claimant's past relevant work as actually performed, the ALJ may rely upon two sources of information: a properly completed Form SSA-3369 (Work History Report) and the claimant's own testimony.") (citation omitted). Moreover, the scant evidence that does bear on Plaintiff's actual performance of past relevant work is almost entirely lacking in substantive information. *See, e.g.*, Doc. 19-1 at 235-37 (Disability Report providing only that Plaintiff stopped working because of her conditions).[2] Consequently, "[t]he first part of the

---

[2] Notably, the Disability Report is not "completed correctly under the standard outlined in SSR 82-61"—it is not signed or dated and is blank where the claimant is prompted to "describe this job" for each listed position. *Perez v. Saul*, No. 4:18-CV-03472, 2020 WL 4677574, at *7 (S.D. Tex. June 22, 2020).

7

determination—that [Plaintiff] can perform her past jobs as actually performed—is already fatally flawed." *Fennell*, 2017 WL 4393098, at *4.

## B. "As Generally" Determination

The ALJ's "as generally" determination is also unsupported. At the outset, the Court notes a discrepancy between the VE's testimony and the ALJ's decision. According to the VE, Plaintiff performed past relevant work of a "fast-food manager," which is labeled under the DOT as 185.137-010. Doc. 19-1 at 22. In his decision, however, the ALJ cites past relevant work as "manager," DOT label 183.70-010. Doc. 19-1 at 80. Consequently, it is unclear whether the ALJ considered the correct DOT description of Plaintiff's past relevant work, despite purportedly having based the past relevant work finding on the VE's testimony. Doc. 19-1 at 80.

Moreover, while an ALJ may rely on the DOT for basic information about job descriptions, *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990), the DOT alone is insufficient when a claimant's RFC has additional exertional restrictions, *Fennell*, 2017 WL 4393098, at *5. The VE did not provide any insight into how Plaintiff's exertional limitations would impact her ability to perform her past relevant work as it is generally performed in the national economy. While the ALJ is ordinarily not required to rely on VE testimony in making a step four determination, *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2001), in situations like that presented here, the risk of not doing so is apparent.

## C. Remand

Just as in *Fennell*, here, "[t]he ALJ made no specific factual findings about [Plaintiff's past relevant work] nor did [he] attempt to match the job requirements to [Plaintiff's] RFC." 2017 WL 4393098, at *5. As demonstrated *supra*, the Court cannot ascertain what evidence undergirds the ALJ's step four finding, thus, it cannot effectively review the decision. *See*

8

*Flynn*, 2020 WL 4818863, at *5. Thus, the ALJ's decision fails to comply with the requisites of SSR 82-62, and his decision at step four is flawed.

Social Security Rulings are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration." 20 C.F.R. § 422.408 (1980); *Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984). An agency must follow its own procedures, even if those procedures are more rigorous than what would otherwise be required. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). Nevertheless, agency rules like SSRs lack the force of law and are not binding on courts. *Id.* Consequently, the ALJ's violation of SSR 82-62 does not mandate reversal of the Commissioner's decision unless Plaintiff can demonstrate she was prejudiced by the error. *Id.*

In the case *sub judice*, the ALJ's failure to properly assess whether Plaintiff could perform her past relevant work is prejudicial. As discussed *supra*, not only is it unclear whether the ALJ considered the correct DOT definition of Plaintiff's past relevant work as provided by the VE, but there was no evidence in the record to otherwise support the ALJ's step four determination that Plaintiff was capable of performing her past work as a fast-food manager. Plaintiff's only remaining past relevant work of record was as an auto-parts assembler, which is classified as medium and, thus, more difficult than the light-work manager position. *See* Doc. 19-1 at 80. Accordingly, it is possible that the ALJ's step four decision of whether Plaintiff can perform her past relevant work could be decided in her favor if properly evaluated. Under these facts, remand is warranted. *See Perez,* 2020 WL 4677574, at *7; *Fennell*, 2017 WL 4393098, at *6. And because remand is warranted on this issue alone, the Court need not reach Plaintiff's remaining arguments.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment, Doc. 22, should be **GRANTED**, Defendant's cross-motion for summary judgement, Doc. 23, should be **DENIED,** the Commissioner's decision should be **REVERSED,** and this case should be **REMANDED** to the agency for further proceedings consistent with the findings herein.[3]

**SO RECOMMENDED** on August 30, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[3] Plaintiff also requests a hearing before a different ALJ on remand, arguing that Defendant violated the Constitution's separation of powers clause. Doc. 22 at 26. In support, Plaintiff cites *Lucia v. S.E.C.*, which held that S.E.C. ALJs are "Officers of the United States" and must be appointed in conformity with the requirements of the Appointments clause, Article II, section 2, clause 2 of the U.S. Constitution. *See* 138 S. Ct. 2044, 2049 (2018). However, to warrant remand based on a separation-of-powers argument, Plaintiff must show she suffered a compensable harm, which she has not done here. *Collins v. Yellen*, 141 S. Ct. 1761, 1787-89 & 1789 n.23 (2021).